**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SACHIN AMIN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>NES GLOBAL, LLC,<br><br>　　　　　Defendant. | Case No. 4:22-cv-02845<br><br><br>Jury Trial Demanded<br><br>Rule 23 Class Action |

**ORIGINAL CLASS ACTION COMPLAINT**

**SUMMARY**

1. Plaintiff Sachin Amin (Amin) worked for Defendant NES Global, LLC ("NES Global") as an Instrument Designer.

2. Amin regularly worked for NES Global in excess of forty (40) hours each week.

3. Amin regularly worked for NES Global in excess of eight (8) hours in a given day.

4. But Amin never received overtime for hours worked in excess of eight (8) hours in a single workday, or overtime for hours worked in excess of forty (40) hours in a workweek.

5. Amin brings this class action to recover the unpaid overtime wages and other damages owed to himself and other hourly workers like him.

6. Amin seeks recovery for his class claims under California Labor Code, and California's Unfair Competition Law, at California Business and Professions Code § 17200, *et seq.*

7. Amin further seeks penalties for the California Labor Code violations alleged herein under the California Private Attorneys General Act ("PAGA"), at California Labor Code § 2698, *et seq.*

8. Amin seeks damages, penalties, attorney fees, costs, and all other remedies available under California law.

## JURISDICTION & VENUE

9. This Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because NES Global's corporate headquarters are located in this District and Division.

## THE PARTIES

11. Amin worked for NES Global as an Instrument Designer in California from approximately October 2017 through April 2018.

12. Amin's consent to be a party plaintiff is attached as Exhibit A.

13. Amin brings this action on behalf of himself and all other similarly situated hourly employees who worked for NES Global in California. Amin seeks class certification of a class under FED. R. CIV. P. 23 and the California Labor Code, defined as follows:

> **All hourly employees who worked for or on behalf of NES Global in California in the past 4 years** ("Putative Class Members")

14. NES Global conducts business in a systematic and continuous manner throughout California.

15. NES Global is a Texas limited liability corporation and may be served with process by serving its registered agent CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201 and/or its attorney of record, Ashlee Grant, BAKER HOSTETLER, 811 Main Street, Suite 1100, Houston, Texas 77002.

## FACTS

16. NES is a staffing company that provides recruitment services to the oil and gas industry, among others. *See generally* https://www.NES.com/uoss (Last visited August 19, 2022).

17. Amin worked for NES Global as an Instrument Designer from approximately October 2017 through April 2018.

18. Amin performed work for NES Global in Long Beach, California.

19. NES Global paid Amin by the hour during the relevant period.

20. Throughout his employment with NES Global, Amin was classified as a non-exempt hourly employee.

21. As an Instrument Designer, Amin regularly worked more than 40 hours each week and more than 8 hours each day.

22. However, NES Global did not pay Amin and the Putative Class Members at least time-and-a-half overtime for hours worked over eight in a workday.

23. Instead, NES Global only paid overtime when Amin and Putative Class Members worked more than 40 hours in a workweek.

24. Amin and Putative Class Members were not paid overtime on workweeks when they worked less than forty (40) hours, even if they worked more than eight hours on a given workday.

25. Amin was subjected to NES Global's policies and procedures which dictated his day-to-day activities.

26. Amin was denied overtime because of NES Global's illegal pay practice.

27. NES Global fails to keep accurate records of the hours, or at least the days, its hourly employees work.

28. NES Global also fails to keep accurate records of the amount of pay its hourly employees receive.

29. As such, Amin and the Putative Class Members were not properly compensated as one-and-one-half times their regular rate – as defined by the California Labor Code – for all overtime worked in excess of 40 hours in a single workweek, or for all overtime worked in excess of 8 hours in a single workday.

### CLASS ACTION ALLEGATIONS

30. Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the California Labor Code.

31. Many of these employees have worked with Amin and the Putative Class Members and were not paid overtime for workdays when they worked greater than eight (8) hours. Even if their precise job titles may differ, the Putative Class Members are all victims of NES Global's unlawful compensation practices and are similarly situated to Amin in terms of *relevant* job duties, pay provisions, and employment practices.

32. Thus, from Amin's observations and discussions with these hourly workers, he is aware that the illegal practices or policies of NES Global have been imposed on a distinct group of its employees.

33. Amin and the Putative Class Members did not receive overtime pay for hours worked over eight (8) in a workday when they worked less than forty (40) hours in a workweek.

34. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

35. Amin has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class treatment.

36. Like each Putative Class Member, Amin has an interest in obtaining the unpaid overtime wages owed under federal law.

37. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

38. Absent a class action, many Putative Class Members will not obtain redress of their injuries, and NES Global will reap the unjust benefits of violating the California Labor Code.

39. Further, even if some of the Putative Class Members could afford individual litigation against NES Global, it would be unduly burdensome to the judicial system.

40. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

41. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

42. Among the common questions of law and fact are:

a. Whether NES Global employed the Putative Class Members within the meaning of the California Labor Code;

b. Whether NES Global's violations of the California Labor Code were made in good faith;

c. Whether NES Global's violations of the California Labor Code were willful; and

d. Whether NES Global's illegal pay practices applied to all Putative Class Members.

43. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

44. Amin and the Putative Class Members sustained damages arising out of NES Global's illegal and uniform pay policy.

45. Amin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go for Amin as a class action.

46. NES Global's illegal pay policy uniformly deprived Amin and the Putative Class Members of the overtime wages they are owed under California law.

47. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the California Labor Code who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

48. The Putative Class Members are known to NES Global, are readily identifiable, and can be located through NES Global's records.

49. In sum, NES Global's failure to pay its hourly workers overtime for hours worked over eight (8) in a workday results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members.

50. Thus, Amin's experiences are typical of the Putative Class Members' experiences.

**FIRST CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

51. Amin incorporates by reference all other paragraphs.

52. The California Labor Code requires that all employees, including Amin, receive at least 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

53. Despite working over 8 hours a day as part of their normal and regular shift, Amin did not receive the full overtime compensation at a rate not less than one-and-one-half times their proper regular rates for all hours worked over eight in one day.

54. The California Labor Code also requires that all employees, including Amin, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

55. Although Amin occasionally worked over 12 hours in one day, he did not receive the "double time" compensation required by California law.

56. The California Labor Code requires that all employees, including Amin, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

57. Although Amin regularly worked seven days a week, for at least 12 hours a day, he did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

58. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Amin to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### SECOND CAUSE OF ACTION—FAILURE TO PROVIDE COMPLIANT MEAL AND REST PERIODS OR PAY COMPENSATION IN LIEU THEREOF

59. Amin incorporates by reference all other paragraphs.

60. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Amin had the right to take two uninterrupted 30-minute meal periods for each day he worked 10 hours per day and a 10-minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.

61. Although the California Labor Code requires that all employees, including Amin, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Amin did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

62. As a pattern and practice, NES Global did not provide Amin with meal-period breaks and did not provide proper compensation for this failure as required by California law.

63. Although the California Labor Code requires that all employees, including Plaintiff, receive a 10-minute rest period for every four hours worked, Amin and the Putative Class Members

7

did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

64. As a pattern and practice, NES Global did not provide Amin with rest-period breaks and did not provide proper compensation for this failure as required by California law.

65. Amin and the Putative Class Members are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal periods or rest periods. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

66. NES Global's policy failed to provide Amin and the Putative Class Members with the legally mandated meal period breaks or rest breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Amin and the Putative Class Members in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

## THIRD CAUSE OF ACTION—WAITING TIME PENALTIES

67. Amin incorporates by reference all other paragraphs.

68. At all relevant times, NES Global was required to pay Amin all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

69. As a result of NES Global's alleged California Labor Code violations, NES Global regularly failed to pay Amin his final wages pursuant to California Labor Code sections 201 to 204, and accordingly NES Global owes waiting time penalties pursuant to California Labor Code section 203.

70. The conduct of NES Global, in violation of Amin's rights, was willful and was undertaken by the agents, employees, and managers of NES Global.

71. Pursuant to California Labor Code § 203, NES Global's willful failure to provide Amin the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

72. Amin's claim for waiting time penalties is derivative of the wages owed to him under his First Cause of Action.

73. Amin's claim for waiting time penalties is also derivative of his Second Cause of Action for failure to provide rest and meal breaks.

74. Therefore, Amin is entitled to compensation pursuant to California Labor Code section 203.

### FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

75. Amin incorporates by reference all other paragraphs.

76. Defendant does not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

77. Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the , employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or

another indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

78. The IWC Wage Orders also establish this requirement. (See IWC Wage Order 5-2001(7)).

79. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

80. Amin seeks to recover damages, costs, and attorneys' fees under this section.

81. NES Global did not and does not provide timely, accurate itemized wage statements to Amin and Putative Class Members in accordance with Labor Code § 226(a) and the IWC Wage Orders.

82. The wage statements NES Global provides to employees, including Amin and Putative Class Members, do not accurately reflect the premium pay to which they are entitled to for noncompliant meal and rest breaks, the actual hours worked, the actual gross wages earned, the actual net wages earned, and the actual hourly rate(s) for all hours worked.

83. As a proximate result of the aforementioned violations, NES Global is liable to Amin and Putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Amin is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

84. Wherefore, Amin and the Putative Class Request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION – PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, AT CAL. LAB. CODE § 2698 ET SEQ.

85. Amin incorporates by reference all other paragraphs.

86. Under the Labor Code's Private Attorneys General Act, Labor Code §§ 2698-99 ("PAGA"), private parties may recover civil penalties for violations of the California Labor Code. PAGA penalties are in addition to any other relieve available under the Labor Code.

87. As set forth above, NES Global has committed various violations of the California Labor Code by consistently failing to pay Amin and the Putative Class Members overtime wages in violation of California Labor Code § 510, failing to pay meal and rest break premiums on workdays where compliant meal or rest breaks were not provided in violation of California Labor Code § 226.7, failing to provide accurate, itemized wage statements in violation of California Labor Code § 226, and failing to pay all wages due at the cessation of employment in violation of California Labor Code § 203.

88. Amin provided written notice to the Labor and Workforce Development Agency (LWDA) through the LWDA's online submission portal, and to NES Global via certified mail, of the legal claims and theories of this case on February 24, 2021. To date, the LWDA has not notified Amin that the LWDA intends to exercise jurisdiction over the claim for civil penalties under the PAGA. Nor has NES Global notified Amin via certified mail that it has cured any such curable violations within the timeframe set and as required by Labor Code § 2699.3(c)(2). Accordingly, Amin exhausted the administrative remedies required by Labor Code § 2699.3.

89. Under the PAGA, Amin is entitled to recover the maximum civil penalties permitted by law from NES Global for the Labor Code violations alleged herein.

90. Amin is also entitled to recover his attorneys' fees and costs under Labor Code § 2699.

### SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

91. Amin incorporates by reference all other paragraphs.

92. NES Global has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

93. As a result of NES Global's failure to comply with federal and state law, NES Global has also violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et. seq., which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

94. The relevant acts by NES Global occurred within the four years preceding the filing of this action.

95. On information and belief, NES Global has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Amin and the Putative Class Members of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

96. Amin is entitled to restitution for at least the following: restitution for unpaid overtime wages, and premium wages for noncompliant meal and rest periods, and unpaid California Labor Code § 203 continuation wages.

97. Amin is also entitled to permanent injunctive and declaratory relief prohibiting NES Global from engaging in the violations and other misconduct referred to above.

98. NES Global is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

**RELIEF SOUGHT**

1. Amin prays for judgment against NES Global as follows:

a. For an order certifying this case as a class action for the purposes of the California Labor Code claims;

b. For an order finding NES Global liable for violations of California wage laws with respect to Amin and all Class Members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Amin and all Class Members covered by this case;

d. For an order awarding Amin, the State of California, and aggrieved employees penalties provided under the PAGA, with interest thereon;

e. For a judgment awarding Amin and all Class Members covered by this case their costs of this action;

f. For a judgment awarding Amin and all Class Members covered by this case their attorneys' fees;

g. For a judgment awarding Amin and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Fed. Id. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Fed. Id. 1093163
    **Carl A. Fitz**
    State Bar No. 24105863
    Fed. Id. 3158237
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    State Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**