**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SACHIN AMIN, Individually and on behalf of those Similarly Situated, | Case No. 4:22-cv-02845 |
| v. | |
| NES GLOBAL, LLC | Rule 23 Class Action |
| | Jury Trial Demanded |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

On September 21, 2022, the Court heard Amin's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice Materials, and the submissions of Counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. The Court grants preliminary approval of the Parties' Settlement Agreement.

4. The Court certifies, for settlement purposes only, the following Settlement Class and Sub-Classes pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> **Rule 23 Class** – All hourly-paid, non-exempt employees working for NES on an alternative workweek schedule in California at any time between March 29, 2017, through the date of Preliminary Approval.
>
> **PAGA Class** – All hourly-paid, non-exempt employees working for NES on an alternative workweek schedule in California at any time between February 24, 2020, through the date of Preliminary Approval.

5. For the reasons articulated in the Motion for Preliminary Approval of Class Action Settlement, the proposed classes meet all requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only.

6. The Court appoints, for settlement purposes only Sachin Amin as the Class Representatives of the Rule 23 Classes.

7. The Court appoints, for settlement purposes only, Josephson Dunlap, LLP, and Bruckner Burch, PLLC, as Class Counsel for the purposes of Settlement and the releases and other obligations therein.

8. This Court approves Simpluris as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

9. The Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of FED. R. CIV. P. 23, due process, the Constitution of the United States, the laws of the State of California, and all other applicable laws. The Notice is accurate, objective, and informative and provides the Class Members and PAGA Members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

10. The Notice of Settlement of Class Action Lawsuit, attached to the Settlement Agreement as Exhibit 1, is approved. The Settlement Administrator is authorized to mail those documents to the Class Members and PAGA Members as provided in the Settlement Agreement.

11. Any written objection to the settlement must be submitted to the Court no later than 60 days after the Court-approved Notice of Settlement is mailed to the Class Members and PAGA Members, unless otherwise stated in the terms of the Settlement Agreement.

12. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Approval Order, the Litigation shall be stayed.

13. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) of an adjudication of the merits of this Litigation, (c) an adjudication of any of the matters subject to the Releases in the Settlement Agreement, (d) that any party has prevailed in this case, or (e) that Defendant or the Released Parties have engaged in any wrongdoing.

14. The Named Plaintiff and Defendant are ordered to carry out the settlement according to the terms of the Settlement Agreement.

15. The Court will conduct a Final Approval Hearing on March 8, 2023, at 10:30 a.m., (which is a date not earlier than 135 days following the date the Court executes this Order granting preliminary approval of the Parties' settlement of a class and collective action) to determine the overall fairness of the settlement and to approve the amount of attorneys' fees and costs to Class Counsel and Incentive Payment to the Representative Plaintiff. The Final Approval Hearing may be continued without further notice to Class Members. The Parties shall file their final motion for approval of the settlement on or before seven (7) calendar days before the date of the Final Approval Hearing.

IT IS SO ORDERED.

Dated: September 21, 2022

_____
Hon. Charles Eskridge
United States District Judge