United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SACHIN AMIN, Individually and on behalf of those Similarly Situated,<br><br>v.<br><br>NES GLOBAL, LLC | **Case No. 4:22-cv-02845**<br><br><br>Rule 23 Class Action<br><br>Jury Trial Demanded |

### ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

On March 6, 2023, the Court heard Amin's Unopposed Motion for Final Approval of Class Action Settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice Materials, and the submissions of Counsel, and hereby finds and orders as follows:

1.    Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.    The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for final approval.

3.    The Court grants final approval of the Parties' Settlement Agreement.

4.    The Court certifies, for settlement purposes only, the following Settlement Class and Sub-Classes pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

**Rule 23 Class** – All hourly-paid, non-exempt employees working for NES on an alternative workweek schedule in California at any time between March 29, 2017, through the date of Preliminary Approval.

**PAGA Class** – All hourly-paid, non-exempt employees working for NES on an alternative workweek schedule in California at any time between February 24, 2020, through the date of Preliminary Approval.

5.      For the reasons articulated in the Motion for Final Approval of Class Action Settlement, the proposed classes meet all requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only.

6.      The Court appoints, for settlement purposes only, Sachin Amin as the Class Representative of the Rule 23 Classes.

7.      The Court appoints, for settlement purposes only, Josephson Dunlap, LLP, and Bruckner Burch, PLLC, as Class Counsel for the purposes of Settlement and the releases and other obligations therein.

8.      This Court approves Simpluris as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

9.      The Court finds that the Notice issued to the Class Members has been provided in accordance with the Court's Preliminary Approval Order; that such Notice was sent by in an adequate and sufficient manner in accordance with the Court's Preliminary Approval Order; and that such Notice constituted the best practicable means of providing notice under the circumstances and constituted due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of FED. R. CIV. P. 23, due process, the Constitution of the United States, the laws of the State of California, and all other applicable laws. The Notice sent in accordance with the Court's Preliminary Approval Order was accurate, objective, and informative and provided the Class Members and PAGA Members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

10.     The Court finds that the Settlement Agreement was arrived at because of arms' length negotiations conducted in good faith by counsel for the Parties and is supported by the Class Representative.

11.     The Court finds that the Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and PAGA Members considering the complexity, expense, and expected duration of the litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

12.     The Court finds the reaction of Class Members is favorable. No Class Member submitted an objection to the Settlement Agreement.  No Class Member stated any intent to appear, or did appear, at the final approval hearing.

13.     The Court grants final approval of the Gross Settlement Amount of $795,000.00.

14.     The Court grants final approval of a Class Representative Incentive Award in the amount of $5,000.00 to Sachin Amin to be paid from the Gross Settlement Amount.

15.     The Court grants final approval of Class Counsel's requested Attorney Fee Award in the amount of 40% of the Gross Settlement Amount or $318,000.00, and Cost Award in the amount of $10,000.00 to be paid from the Gross Settlement Amount.

16.     The Court grants final approval of a $9,000.00 PAGA payment to be paid from the Gross Settlement Amount.

17.     The Court grants final approval of a $10,000.00 payment to the Settlement Administrator to be paid from the Gross Settlement Amount.

18.     Upon entry of this Final Award all Class Members and PAGA Members shall conclusively be deemed to have given a release of all Released Claims, as set forth in the Stipulation and Settlement Agreement and Notice, against the Released Parties as follows:

30. **Released Claims**: Any and all causes of action, claims, rights, damages, penalties, interest, attorneys' fees, costs, liabilities, expenses, and losses arising from the facts alleged in either the Notice provided to the LWDA or in the operative complaint in the Action, or which could have been alleged based upon such facts including, but not limited to: (1) any alleged failure by Defendant to pay overtime wages, minimum wages, vacation pay, or any other wages due; (2) any alleged failure by Defendant to timely pay wages at termination or during employment; (3) any alleged failure by Defendant to provide meal or rest periods or to pay meal or rest period premiums; (4) any alleged failure by Defendant to provide compliant wage statements; (5) any right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, based upon the facts alleged in either the Notice provided to the LWDA or subsequently pled in the operative complaint; (6) any right or claim for unfair business practices in violation of California Business & Professions Code §17200 *et seq.* arising from or related to the facts alleged in the operative complaint; and (7) any violation or breach of the California Labor Code arising from the conduct alleged in the operative complaint, including without limitation, California Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.7, 227.3, 510, 512, 1174, 1194, 1197, 1197.1, and 1198, or (8) any other federal, state or local statute, wage order, rule, regulation, or similar causes of action that could have arisen based upon the facts alleged in the Action.  Notwithstanding the above, the Parties understand and agree that the release in this Settlement does not apply to (a) those rights that as a matter of law cannot be released and/or waived, including, but not limited to, workers' compensation claims; (b) rights or claims that may arise after the close of the Class Period; and (c) rights or claims regarding enforcement of this Settlement.

19.     As contemplated by the Settlement Agreement, monetary awards are to be paid, calculated, and distributed to the Class Members and PAGA Members as set forth in the Settlement Agreement.

20.     The Court ORDERS the Parties to fulfill the requirements of the Settlement Agreement. All claims alleged are hereby dismissed with prejudice, with each side to bear its own costs and attorneys' fees, except as provided by the Settlement Agreement.

21.     Without affecting the finality of this Final Order, the Court hereby reserves and retains jurisdiction over this Settlement Agreement, including the administration and consummation of the Settlement Agreement as set forth in the Settlement Agreement. In addition, without affecting the finality of this Final Order, the Court retains jurisdiction over the Parties and each Class Member or PAGA Member for any suit, action, proceeding or dispute arising out of or relating to this Final Order, the Settlement Agreement, or the applicability of the Settlement Agreement, including, but not limited to, any dispute as to whether any person is a Class Member or PAGA Member or

disputes between any of the Released Parties and any Class Member or PAGA Member which in any way relates to the applicability or scope of the Settlement Agreement or the Final Order.

IT IS SO ORDERED.

Dated: March 6, 2023.

Hon. Charles Eskridge
United States District Judge